**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Everesto Harrison,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>    Respondents. | CV 17-0167-TUC-LAB<br><br>**ORDER** |

Pending before the court is a petition for writ of habeas corpus constructively[1] filed on March 31, 2017, by Everesto Harrison, an inmate currently held in the Arizona State Prison Complex in Eloy, Arizona. (Doc. 1, p. 15)

Magistrate Judge Bowman presides over this case pursuant to 28 U.S.C. § 636(c). (Doc. 13)

The petition will be dismissed. Claims (1) – (6) are time-barred. (Doc. 1) Claim (7) is not cognizable. (Doc. 1)

Summary of the Case

Harrison was convicted after a jury trial of "theft of a means of transportation, burglary, and possession of burglary tools." (Doc. 16, p. 3) The trial court sentenced him to an aggregate term of imprisonment of twelve years. (Doc. 17, p. 3)

---

[1] March 31, 2017 is the date the petition was placed in the prison mailing system. (Doc. 1, p. 15); *see Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010).

Harrison filed a direct appeal in which he argued the trial court abused its discretion when it failed to strike a juror for cause. (Doc. 16, p. 3) On July 11, 2013, the Arizona Court of Appeals affirmed Harrison's convictions, but sua sponte vacated the trial court's criminal restitution order. (Doc. 16, pp. 3, 7) Harrison did not file a petition for review with the Arizona Supreme Court.

More than one year later, on September 5, 2014, Harrison filed notice of post-conviction relief (PCR). (Doc. 16, p. 38) When PCR counsel filed notice that he was unable to find any meritorious issues, Harrison filed a petition pro se. (Doc. 16, pp. 46-47) The trial court dismissed the petition on November 24, 2015. (Doc. 17, p. 3) On May 26, 2016, the Arizona Court of Appeals granted review but denied relief. (Doc. 17, p. 18) On November 18, 2016, the Arizona Supreme Court denied his petition for review. (Doc. 17, p. 23)

On March 31, 2017, Harrison constructively filed the pending petition for writ of habeas corpus. (Doc. 1) He claims (1) trial counsel was ineffective during plea negotiations, (2) appellate counsel was ineffective for failing to present all valid claims, (3) the appellate court erred when it denied Harrison's direct appeal, (4) evidence presented at trial was insufficient to support the convictions, (5) the trial court should have granted his motion in limine regarding the backpack containing the tools, (6) the police failed to collect and preserve fingerprint or DNA evidence, and (7) post-conviction relief (PCR) counsel was ineffective for filing an *Anders* brief. *Id.*; *see, e.g., Anders v. California*, 386 U.S. 738 (1967).

On July 24, 2017, the respondents filed an answer arguing among other things that the petition is time-barred. (Doc. 15) Harrison did not file a reply.

The respondents are correct; the petition is time-barred. The court does not reach the respondents' alternate arguments.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition,

however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for Claims (1) – (6) was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Claim (7), Harrison argues post-conviction relief counsel was ineffective. (Doc. 1, p. 13) This is not a cognizable claim for federal habeas relief. 28 U.S.C. § 2254(i).

On July 11, 2013, the Arizona Court of Appeals affirmed Harrison's convictions. (Doc. 16, pp. 3, 7) According to Rule 31.19, he then had 30 days to file a petition for review with the Arizona Supreme Court. Ariz.R.Crim.P. 31.19(a). The 30th day, August 10, 2013, was a Saturday, so the deadline was extended to the following Monday, August 12, 2013. Ariz.R.Crim.P. 1.3. When he failed to file a petition for review, his judgment became final on

1 | that date, August 12, 2013. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007),
2 | *cert. denied*, 555 U.S. 829 (2008).

The limitation period began running the next day and expired one year later on August 12, 2014. *See Hemmerle*, 495 F.3d at 1077. Harrison constructively filed the pending petition on March 31, 2017. (Doc. 1, p. 15) It is time-barred.

On September 5, 2014, Harrison filed notice of post-conviction relief. (Doc. 16, p. 38) This notice did not statutorily toll the limitation period because it had already expired. *See* 28 U.S.C. § 2244(d)(2).

In his petition, Harrison argues that the limitation period does not bar his petition because "Petitioner was involved in a prison riot which caused delay in filings." (Doc. 1, p. 15)

"[A] petitioner is entitled to equitable tolling [of the limitation statute] only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (punctuation modified), *cert. denied*, 131 S.Ct. 3039 (2011). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Id*. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*.

Harrison's bald statement that he was involved in a prison riot does not merit equitable tolling. (Doc. 1, p. 15) Harrison does not explain when the riot occurred, how long it lasted, or how it prevented him from timely filing his petition despite his diligent efforts. In short, Harrison fails to explain how this riot "made it impossible to file [his] petition on time." *See Lakey v. Hickman*, 633 F.3d at 786.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Here, the court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the court's conclusions and ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000). Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is DISMISSED. Claims (1) – (6) are time-barred. (Doc. 1) Claim (7) is not cognizable. (Doc. 1)

IT IS FURTHER ORDERED DENYING the petitioner a certificate of appealability.

The Clerk is directed to prepare a judgment and close the case.

DATED this 1st day of December, 2017.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge